UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

DARREN PRINCE,

        Petitioner,

– against –

ADA PEREZ,

        Respondent.

**MEMORANDUM & ORDER**

17-CV-2471 (ERK)

KORMAN, *J.*:

After shooting another man during a fist fight, Darren Prince was convicted at trial in New York state court of reckless manslaughter and second-degree criminal possession of a weapon. N.Y. Penal Law §§ 125.15, 265.03. The Appellate Division affirmed. *People v. Prince*, 136 A.D.3d 844 (2d Dep't 2016), *leave to appeal denied*, 28 N.Y.3d 973 (2016). Prince now petitions *pro se* for habeas relief. His three arguments fail.

Prince's first argument is that the jury should have been instructed on criminally negligent homicide, a lesser included offense of reckless manslaughter. *See* N.Y. Penal Law §§ 125.10, 125.15. Specifically, Prince claims the jury could have found him guilty of only negligence because he was unaware of a risk of death (an element of reckless manslaughter) when he shot the victim as they tussled for control of the gun. But I can grant relief only if the Appellate Division's rejection of this argument violated clearly established federal law as decided by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), and the Supreme Court had not "decided whether the failure to instruct the jury on lesser included offenses in noncapital cases is a constitutional issue that may be considered on a habeas petition," *Knapp v. Leonardo*, 46 F.3d 170, 179 (2d Cir. 1995). Prince's case was noncapital, so the argument fails.

Moreover, there was no error in the Second Department's decision. Even if the evidence is viewed in the light most favorable to Prince, his argument—that someone drawing a loaded gun during a fist fight could somehow not perceive a substantial and unjustifiable risk of death—is not persuasive. As a matter of state law, the New York Court of Appeals has considered the similar case of a man accidentally firing a gun he had pointed at a crowd; it deemed a negligence instruction inappropriate. *People v. Randolph*, 81 N.Y.2d 868 (1993) (memorandum opinion). So too with Prince. Nothing here "so infected the entire trial that the resulting conviction violates due process." *Blazic v. Henderson*, 900 F.2d 534, 541 (2d Cir. 1990) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Prince next argues that the trial court erred by refusing to give a missing-witness charge regarding two alleged eyewitnesses whom the prosecution did not call at trial. Here, the same obstacle arises: the Supreme Court has never created a constitutional requirement that a missing-witness charge be given. *Dell v. Ercole*, 06-CV-1724 (RJD), 2009 WL 605188, at *6 (E.D.N.Y. Mar. 6, 2009); *Reyes v. Miller*, 04-CV-3653 (DGT), 2005 WL 3576841, at *4 (E.D.N.Y. Dec. 29, 2005). Again, in theory, *if* the missing charge was error, Prince could prevail if its absence infected the entire trial, but this is just not the case. In summation, Prince's defense counsel twice highlighted that only one eyewitness among many had testified, so the jury was aware of the issue. *See United States v. Torres*, 845 F.2d 1165, 1170–71 (2d Cir. 1988) (noting for federal trials that defense counsel's discussion of missing witnesses can mitigate the lack of a charge); *Reyes*, 2005 WL 3576841, at *5 (same, on habeas).

Finally, Prince claims that his total indeterminate prison sentence (13 years and 4 months to 20 years) is excessive. Prince does not, however, show that the sentence is unconstitutional, nor could he, given the Supreme Court's repeated refusal to permit collateral relief from sentences

harsher than Prince's that were imposed for less serious crimes. *See, e.g.*, *Lockyear v. Andrade*, 538 U.S. 63 (2003).

Prince's petition for a writ of habeas corpus is **DENIED**. Because Prince has not made a substantial showing of the denial of a federal constitutional right, I decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

                                                             **SO ORDERED.**

Brooklyn, New York　　　　　　　　　　　　*Edward R. Korman*
April 11, 2018　　　　　　　　　　　　　　Edward R. Korman
　　　　　　　　　　　　　　　　　　　　United States District Judge